SEALED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )   CRIMINAL NO. 17cr10138 |
| | ) |
| v. | )   VIOLATIONS: |
| | ) |
| 1.  CONSTANTIN DENIS HORNEA, | )   18 U.S.C. § 1962(d) -- |
|     a/k/a "Florin Mitroi," | )   Conspiracy to Conduct |
|     a/k/a "Faby Fabritio," | )   Enterprise Affairs Through |
|     a/k/a "Ludy Ludemis," | )   a Pattern of Racketeering |
| 2.  MARIA LAZAR, | )   Activity |
|     a/k/a "Ludy Ludemis," | ) |
| 3.  LUDEMIS HORNEA, | )   18 U.S.C. § 1029(b)(2) -- |
|     a/k/a "Antonio Scapescia," | )   Conspiracy to Use Counterfeit |
|     a/k/a "Dobrin Cristiano," | )   Access Devices |
|     a/k/a "Ludy Ludemis," | ) |
|     a/k/a "Maitre Gims," | )   18 U.S.C. § 1028A(a)(1) -- |
| 4.  CLAUDIU COSMIN FLOREA, | )   Aggravated Identity Theft |
|     a/k/a "Claudio Mihaela Florea," | ) |
|     a/k/a "Cosmin Florea," | )   18 U.S.C. § 1029(a)(4) -- |
|     a/k/a "Claudio Florea," | )   Possession of Device Making |
| 5.  ION BONCULESCU, | )   Equipment |
|     a/k/a "Ionut Bonculescu," | ) |
|     a/k/a "Nutu Popescu," | )   18 U.S.C. § 1956(h) -- |
|     a/k/a "Francezu Mustafa," | )   Money Laundering Conspiracy |
|     a/k/a "Francezu Yonuz," | ) |
|     a/k/a "Al Pacino Montana," | )   18 U.S.C. § 2 -- |
|     a/k/a "Andrei Comanescu," | )   Aiding and Abetting |
| 6.  DENISA  BONCULESCU | ) |
|     a/k/a "Denise Bonculescu," | )   18 U.S.C. § 1963 -- |
|     a/k/a "Sanel Coco Sanel Sanel," | )   RICO Forfeiture |
| 7.  NICUSOR BONCULESCU, | )   Allegations |
|     a/k/a "Vicenzo Ramos," | ) |
|     a/k/a "Vicenzo Vicenzo," | )   18 U.S.C. § 1029(c)(1)(C) -- |
|     a/k/a "Vicenzo Richmond," | )   Access Device Forfeiture |
| 8.  ION VADUVA, | )   Allegations |
|     a/k/a "Kent Multikentus," | ) |
|     a/k/a "Gygy Kent," | )   18 U.S.C. § 982(a)(1) -- |
| 9.  FLORINEL VADUVA, | )   Money Laundering Forfeiture |
|     a/k/a "Ezel Alyyah," | )   Allegations |
|     a/k/a "Florin Kalam," | ) |
|     a/k/a "Florin Unicatu," | ) |
|     a/k/a "Venianim Veny Vaduva," | ) |
|     a/k/a "Vanianim Vaga Veny," | ) |

| | | |
|---|---|---|
| 10. | ANAMARIA MARGEL, | ) |
| | a/k/a "Ana Maria Margel," | ) |
| | a/k/a "Malina Ana Vulpe," | ) |
| | a/k/a "Fituasa si Anbituasa," | ) |
| | a/k/a "Eliza Si Erico," | ) |
| 11. | DRAGUSH NELO HORNEA, | ) |
| | a/k/a "Dragos Hornea," | ) |
| 12. | FLORIN HORNEA, | ) |
| | a/k/a "Nicusor Bonculescu," | ) |
| 13. | NEMANJA MILOSAVLJEVIC, | ) |
| | a/k/a "Micheal Boss," | ) |
| | a/k/a "Daniel Mutu," | ) |
| | a/k/a "Ion Stan," | ) |
| 14. | ION TRIFU, | ) |
| | a/k/a "Birgazon Jakk," | ) |
| | a/k/a "Birgazon Jak," | ) |
| | a/k/a "Birgu Boss," | ) |
| | a/k/a "Birgazon Brg," | ) |
| | a/k/a "Ianis Alesio," | ) |

Defendants.

## INDICTMENT

**COUNT ONE:**          **(18 U.S.C. § 1962(d) – Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity)**

The Grand Jury charges:

### Introduction

At all times relevant to this Indictment

1.      ATM skimming involves surreptitiously obtaining the debit card numbers and corresponding personal identification numbers (PINs) of unsuspecting bank customers using an ATM and thereafter making unauthorized withdrawals from those bank customers' accounts. ATM skimming typically takes place in three stages. In the first stage, the skimmers acquire the account information and PINs of targeted accounts through the use of skimming devices. A skimming device often consists of two parts, one to record the account information contained in the magnetic strip of an access device such as an ATM card (i.e., the reader) and the other to record

2

the user's PIN (i.e., the camera). The former is made to look like the ATM's legitimate card access slot and does not interfere with the card access functions. The latter is usually a separate pinhole camera device that is discreetly hidden on the ATM or near it in a location from which the customer's input on the ATM keyboard can be observed. Each piece of information is stored on the particular part (reader or camera) that recorded it until downloaded to a computer by the skimmers. Because of the risk of detection and limited battery life, skimmers typically install and remove the skimming devices from the targeted ATMs in the same day or within 24 hours.

2.      In the second stage, the skimmers create cloned cards by using the information obtained by the skimming devices in order to access the card holders' accounts illegally.   The skimmers take the account information obtained from the magnetic strip of the skimmed cards, which typically consists of two "tracks" of information, one for the debit card number and another for the card holder's name, and burn it to a cloned card. To obtain the card holder's PIN for each stolen account, the skimmers must view the video to see the card holder physically enter the digits on the ATM keypad.

3.      In the third stage, the skimmers use the cloned cards and the corresponding card holder's PIN to withdraw money, typically the maximum withdrawal amount, from the card holder's account. This stage is also known as "cashing out."

### The Enterprise

4.      At all times relevant to this Indictment:

1.      CONSTANTIN DENIS HORNEA,
        a/k/a "Florin Mitroi,"
        a/k/a "Faby Fabritio,"
        a/k/a "Ludy Ludemis,"
2.      MARIA LAZAR,
        a/k/a "Ludy Ludemis,"
3.      LUDEMIS HORNEA,
        a/k/a "Antonio Scapescia,"

3

a/k/a "Dobrin Cristiano,"
a/k/a "Ludy Ludemis,"
a/k/a "Maitre Gims,"
4.   CLAUDIU COSMIN FLOREA,
a/k/a "Claudio Mihaela Florea,"
a/k/a "Cosmin Florea,"
a/k/a "Claudio Florea,"
5.   ION BONCULESCU,
a/k/a "Ionut Bonculescu,"
a/k/a "Nutu Popescu,"
a/k/a "Francezu Mustafa,"
a/k/a "Francezu Yonuz,"
a/k/a "Al Pacino Montana,"
a/k/a "Andrei Comanescu,"
6.   DENISA  BONCULESCU,
a/k/a "Denise Bonculescu,"
a/k/a "Sanel Coco Sanel Sanel"
7.   NICUSOR BONCULESCU,
a/k/a "Vicenzo Ramos,"
a/k/a "Vicenzo Vicenzo,"
a/k/a "Vicenzo Richmond,"
8.   ION VADUVA,
a/k/a "Kent Multikentus,"
a/k/a "Gygy Kent,"
9.   FLORINEL VADUVA,
a/k/a "Ezel Alyyah,"
a/k/a "Florin Kalam,"
a/k/a "Florin Unicatu,"
a/k/a "Venianim Veny Vaduva,"
a/k/a "Vanianim Vaga Veny,"
10.   ANAMARIA MARGEL,
a/k/a "Ana Maria Margel,"
a/k/a "Malina Ana Vulpe,"
a/k/a "Fituasa si Anbituasa,"
a/k/a "Eliza Si Erico,"
11.   DRAGUSH NELO HORNEA,
a/k/a "Dragos Hornea,"
12.   FLORIN HORNEA,
a/k/a "Nicusor Bonculescu,"
13.   NEMANJA MILOSAVLJEVIC,
a/k/a "Micheal Boss,"
a/k/a "Daniel Mutu,"
a/k/a "Ion Stan,"

the defendants, and others known and unknown, were leaders, members and associates of the

"HORNEA CREW," a criminal organization whose leaders, members and associates engaged in access device fraud, use of counterfeit access devices, possession of device-making equipment, identity theft, bank fraud, obstruction of justice, money laundering, and interstate and foreign travel in aid of racketeering, and which operated principally in Massachusetts, New Hampshire, Connecticut, New York, North Carolina, South Carolina, Georgia, and Tennessee, and the countries of Romania and the People's Republic of China.

5.      The HORNEA CREW, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

6.      The HORNEA CREW was headed by CONSTANTIN DENIS HORNEA and his brother LUDEMIS HORNEA, and included numerous members of the HORNEA, BONCULESCU and VADUVA families as well as others related to the HORNEA, BONCULESCU and/or VADUVA families by marriage or other association.

### The Racketeering Conspiracy

7.      From a time unknown to the Grand Jury but no later than June 2015, and continuing until in or about January 2017, in the Districts of Massachusetts, New Hampshire, Connecticut, and South Carolina, the Eastern District of New York, the Eastern District of Tennessee, the Middle District of Tennessee, the Southern District of Georgia and the Middle District of North Carolina and elsewhere,

1.      CONSTANTIN DENIS HORNEA,
        a/k/a "Florin Mitroi,"

5

a/k/a "Faby Fabritio,"
a/k/a "Ludy Ludemis,"

2.    MARIA LAZAR,
      a/k/a "Ludy Ludemis,"

3.    LUDEMIS HORNEA,
      a/k/a "Antonio Scapescia,"
      a/k/a "Dobrin Cristiano,"
      a/k/a "Ludy Ludemis,"
      a/k/a "Maitre Gims,"

4.    CLAUDIU COSMIN FLOREA,
      a/k/a "Claudio Mihaela Florea,"
      a/k/a "Cosmin Florea,"
      a/k/a "Claudio Florea,"

5.    ION BONCULESCU,
      a/k/a "Ionut Bonculescu,"
      a/k/a "Nutu Popescu,"
      a/k/a "Francezu Mustafa,"
      a/k/a "Francezu Yonuz,"
      a/k/a "Al Pacino Montana,"
      a/k/a "Andrei Comanescu,"

6.    DENISA BONCULESCU
      a/k/a "Denise Bonculescu,"
      a/k/a "Sanel Coco Sanel Sanel"

7.    NICUSOR BONCULESCU,
      a/k/a "Vicenzo Ramos,"
      a/k/a "Vicenzo Vicenzo,"
      a/k/a "Vicenzo Richmond,"

8.    ION VADUVA,
      a/k/a "Kent Multikentus,"
      a/k/a "Gygy Kent,"

9.    FLORINEL VADUVA,
      a/k/a "Ezel Alyyah,"
      a/k/a "Florin Kalam,"
      a/k/a "Florin Unicatu,"
      a/k/a "Venianim Veny Vaduva,"
      a/k/a "Vanianim Vaga Veny,"

10.   ANAMARIA MARGEL,
      a/k/a "Ana Maria Margel,"
      a/k/a "Malina Ana Vulpe,"
      a/k/a "Fituasa si Anbituasa,"
      a/k/a "Eliza Si Erico,"

11.   DRAGUSH NELO HORNEA,
      a/k/a "Dragos Hornea,"

12.   FLORIN HORNEA,
      a/k/a "Nicusor Bonculescu,"

13.   NEMANJA MILOSAVLJEVIC,

a/k/a "Micheal Boss,"
a/k/a "Daniel Mutu,"
a/k/a "Ion Stan,"

the defendants herein, and others known and unknown to the Grand Jury, being persons employed by

and associated with the HORNEA CREW, an enterprise which was engaged in, and the activities of

which affected, interstate and foreign commerce, did knowingly conspire with each other, and with

other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section

1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that

enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States

Code, Sections 1961(1) and (5).

8.      The aforementioned pattern of racketeering activity consisted of multiple acts indictable

under Title 18, United States Code, Sections 1029 (access device fraud), 1028 (identity theft), 1344

(bank fraud), 1503 (obstruction of justice), 1952 (interstate travel in aid of racketeering) and 1956

(money laundering).

9.      It was a part of the conspiracy that each defendant agreed that a conspirator would

commit at least two acts of racketeering activity in the conduct of the affairs of the HORNEA CREW.

## Means and Methods

10.     Among the means and methods by which the defendants and their co-conspirators

conspired to conduct and participate in the affairs of the HORNEA CREW were the following:

a.      Making money by engaging in ATM skimming and other fraudulent activity;

b.      Obtaining bank customers' debit card numbers, along with the corresponding

PINs and card holders' names, necessary to access those bank customers' accounts

fraudulently;

c.      Making unauthorized bank account withdrawals by falsely impersonating the

7

card holder;

    d.      Transferring the proceeds of skimming in the United States and overseas;

    e.      Traveling across state lines in order to conduct ATM skimming and/or make unauthorized withdrawals;

    f.      Renting hotel or motel rooms, often using false or alias identification, for the skimming participants to use as a base for their activities, and

    g.      Avoiding detection of criminal activity.

11.    The means and methods of the conspiracy included numerous occasions when leaders, members, and associates of the HORNEA CREW acquired, installed, attempted to install, and possessed skimming devices, including at ATMs in Amherst, Bellingham, Billerica, Braintree, Chicopee, Quincy, Southwick, Waltham, Weymouth and Whately, Massachusetts; Enfield, Connecticut; Columbia, Greenville, Greenwood, Mauldin, and Saluda, South Carolina; Savannah, Georgia; and Yadkinville, North Carolina.

12.    The means and methods of the conspiracy included numerous occasions when leaders, members, and associates of the HORNEA CREW made unauthorized bank account withdrawals, including at ATMs in Amherst, Arlington, Beverly, Boston, Brighton, Brockton, Chicopee, Dorchester, East Longmeadow, East Springfield, Everett, Hanover, Holyoke, Lawrence, Lowell, Ludlow, Lynn, North Andover, North Quincy, Peabody, Quincy, Rockland, Salem, Springfield, Sturbridge, Westborough, West Springfield, Weymouth, and Worcester, Massachusetts; Cos Cob, Danbury, Farmington, Meriden, Middletown, Stamford, and West Hartford, Connecticut; Salem, New Hampshire; Bay Ridge, Borough Park, Chappaqua, Cornwall, Golden's Bridge and Lindenwood, New York; and Sumter, South Carolina;

13.    The means and methods of the conspiracy included money laundering, including

transfers of funds throughout the United States, and to People's Republic of China and Romania, including for the purchase of skimming devices or components.

       14.     The means and methods of the conspiracy included obstruction of justice, including by MINOR #2, whose identity is known to the Grand Jury, committing perjury before the Grand Jury on or about January 4, 2017.

       15.     The means and methods of the conspiracy included the use of minors to commit the aforementioned criminal acts.

       All in violation of Title 18, United States Code, Section 1962(d).

**COUNT TWO:**                    **(18 U.S.C. § 1029(b)(2)—Conspiracy to Use Counterfeit Access Devices)**

The Grand Jury charges:

16.     From a time unknown to the Grand Jury but no later than June 2015, and continuing until in or about July 2016, in the Districts of Massachusetts, New Hampshire, Connecticut, and South Carolina, the Eastern District of New York, the Eastern District of Tennessee, the Middle District of Tennessee, the Southern District of Georgia, and the Middle District of North Carolina and elsewhere, the defendants:

1.   CONSTANTIN DENIS HORNEA,
     a/k/a "Florin Mitroi,"
     a/k/a "Faby Fabritio,"
     a/k/a "Ludy Ludemis,"
2.   MARIA LAZAR,
     a/k/a "Ludy Ludemis,"
3.   LUDEMIS HORNEA,
     a/k/a "Antonio Scapescia,"
     a/k/a "Dobrin Cristiano,"
     a/k/a "Ludy Ludemis,"
     a/k/a "Maitre Gims,"
4.   CLAUDIU COSMIN FLOREA,
     a/k/a "Claudio Mihaela Florea,"
     a/k/a "Cosmin Florea,"
     a/k/a "Claudio Florea,"
5.   ION BONCULESCU,
     a/k/a "Ionut Bonculescu,"
     a/k/a "Nutu Popescu,"
     a/k/a "Francezu Mustafa,"
     a/k/a "Francezu Yonuz,"
     a/k/a "Al Pacino Montana,"
     a/k/a "Andrei Comanescu,"
6.   DENISA BONCULESCU
     a/k/a "Denise Bonculescu,"
     a/k/a "Sanel Coco Sanel Sanel,"
7.   NICUSOR BONCULESCU,
     a/k/a "Vicenzo Ramos,"
     a/k/a "Vicenzo Vicenzo,"
     a/k/a "Vicenzo Richmond,"
8.   ION VADUVA,
     a/k/a "Kent Multikentus,"

                a/k/a "Gygy Kent,"

9.    FLORINEL VADUVA,
                a/k/a "Ezel Alyyah,"
                a/k/a "Florin Kalam,"
                a/k/a "Florin Unicatu,"
                a/k/a "Venianim Veny Vaduva,"
                a/k/a "Vanianim Vaga Veny,"

10.   ANAMARIA MARGEL,
                a/k/a "Ana Maria Margel,"
                a/k/a "Malina Ana Vulpe,"
                a/k/a "Fituasa si Anbituasa,"
                a/k/a "Eliza Si Erico,"

11.   DRAGUSH NELO HORNEA,
                a/k/a "Dragos Hornea,"

12.   FLORIN HORNEA,
                a/k/a "Nicusor Bonculescu,"

13.   NEMANJA MILOSAVLJEVIC,
                a/k/a "Micheal Boss,"
                a/k/a "Daniel Mutu,"
                a/k/a "Ion Stan,"

14.   ION TRIFU,
                a/k/a "Birgazon Jakk,"
                a/k/a "Birgazon Jak,"
                a/k/a "Birgu Boss,"
                a/k/a "Birgazon Brg,"
                a/k/a "Ianis Alesio,"

conspired and agreed with each other and other persons known and unknown to the Grand Jury, to knowingly and with intent to defraud, produce, use, and traffic in one and more counterfeit access devices, as defined in 18 U.S.C. §§ 1029(e)(l) and (2), to wit, counterfeit ATM cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1).

    17.    In furtherance of this conspiracy, leaders, members, and associates of the HORNEA CREW installed, removed and attempted to remove skimming devices at ATMs, including the following:

        a.    On or about June 27, 2015, MINOR #1, whose identity is known to the Grand Jury, installed a skimming device in Billerica, Massachusetts;

        b.    On or about July 30, 2015, MINOR #1 and MINOR #2 installed and removed a

11

skimming device in Waltham, Massachusetts;

c.      On each of on or about August 3 and 5, 2015, MINOR #2 installed and removed a skimming device and on or about August 6, 2015, MINOR #2 installed a skimming device in Waltham, Massachusetts;

d.      On each of on or about August 16, 18, 19 and 21, 2015, one or both of two people whose identities are not known by the Grand Jury (hereinafter DOE #1 and DOE #2) installed and removed a skimming device in Chicopee, Massachusetts;

e.      On or about September 12, 2015, DOE #2 installed and removed a skimming device in Bellingham, Massachusetts;

f.      On each of on or about September 12 and 14, 2015, ION BONCULESCU installed and removed a skimming device in Amherst, Massachusetts;

g.      On each of on or about September 18, 19, 20, 21, 23, and 25, 2015, MINOR #1 installed and removed a skimming device in Southwick, Massachusetts;

h.      On each of on or about September 23, 24, and 25, 2015, DOE #2 installed and removed a skimming device, and on or about September 26, 2015, DOE #2 installed a skimming device in Amherst, Massachusetts;

i.      On or about September 26, 2015, ION BONCULESCU installed and DOE #1 removed a skimming device in Southwick, Massachusetts;

j.      On or about October 9, 2015, DOE #2 installed and removed a skimming device and on or about October 10, 2015, DOE #2 installed a skimming device in Southwick, Massachusetts;

k.      On each of on or about October 16 and November 2, 6, 7, 8 and 9, 2015, DOE #2 and MINOR #8, whose identity is known to the Grand Jury, installed and removed a

12

skimming device in Weymouth, Massachusetts;

l.     On each of on or about October 31 and November 1, 7, 8 and 9, 2015, DOE #2 and MINOR #8 installed and removed a skimming device in Bellingham, Massachusetts;

m.    On or about January 7, 2016, CONSTANTIN DENIS HORNEA and LUDEMIS HORNEA installed a skimming device in Whately, Massachusetts;

n.     On each of on or about January 16, 17, 18, and 20, 2016, CONSTANTIN DENIS HORNEA, MARIA LAZAR, ANAMARIA MARGEL, NEMANJA MILOSAVLJEVIC, and/or MINOR #4, whose identity is known to the Grand Jury, installed and removed a skimming device in Quincy, Massachusetts;

o.     On or about January 29 and 30, 2016, LUDEMIS HORNEA and MINOR #9, whose identity is known to the Grand Jury, installed and removed a skimming device, and on or about January 31, 2016, LUDEMIS HORNEA installed and removed a skimming device, and on or about February 1, 2016, LUDEMIS HORNEA installed and attempted to remove a skimming device in Braintree, Massachusetts;

p.     On each of on or about June 15, 16, 17, 18, 19 and 20, 2016, CONSTANTIN DENIS HORNEA, DENISA BONCULESCU, MINOR #6, whose identity is known to the Grand Jury, and/or MINOR #7 installed and removed a skimming device in Columbia, South Carolina;

q.     On or about July 9 and 10, 2016, CONSTANTIN DENIS HORNEA, DENISA BONCULESCU, MINOR #6, and/or MINOR #7 installed and removed and attempted to remove a skimming device in Mauldin, South Carolina;

r.     On or about July 9 and 10, 2016, DENISA BONCULESCU and MINOR #7

13

installed and attempted to remove a skimming device in Greenwood, South Carolina;

s.      On July 9, 2016, CONSTANTIN DENIS HORNEA and MINOR #6 installed and removed a skimming device in Greenville, South Carolina; and

t.      On or about July 10, 2016, CONSTANTIN DENIS HORNEA, MARIA LAZAR, and MINOR #6 installed and attempted to remove a skimming device in Saluda, South Carolina.

18.     The means and methods of the conspiracy included numerous occasions when leaders, members, and associates of the HORNEA CREW cashed-out, including the following:

a.      On or about June 27, 2015, ION VADUVA in Chappaqua and Golden's Bridge, New York;

b.      On or about August 7 and 8, 2015, ION BONCULESCU and MINOR #1 in Farmington and West Hartford, Connecticut and Sturbridge and Worcester, Massachusetts;

c.      On or about August 21, 2015, DRAGUSH NELO HORNEA in Middletown, Connecticut;

d.      On or about August 21, 2015, CONSTANTIN DENIS HORNEA in Westborough, Massachusetts;

e.      On or about August 22, 2015, CONSTANTIN DENIS HORNEA in Middletown, Connecticut;

f.      On or about August 22, 2015, ION BONCULESCU in Danbury, Connecticut;

g.      On or about August 29, 2015, FLORIN HORNEA in West Springfield, Massachusetts;

h.      On or about September 17 and 18, 2015, ION BONCULESCU in Amherst,

Chicopee, Hadley, Holyoke, South Hadley, Southwick and Westfield, Massachusetts;

i.      On or about September 18, 2015, CONSTANTIN HORNEA and MINOR #2 in Cos Cob, Greenwich and Stamford, Connecticut;

j.      On or about September 19, 2015, FLORINEL VADUVA in Borough Park and Bay Ridge, New York;

k.      On September 27, 2015, LUDEMIS HORNEA and MINOR #1 in East Longmeadow, Holyoke, Springfield and West Springfield, Massachusetts;

l.      On or about September 27, 2015, CONSTANTIN DENIS HORNEA and MINOR #2 in Chicopee, East Longmeadow, East Springfield, Springfield and Wilbraham, Massachusetts;

m.      On or about September 27 and 28, 2015, ION BONCULESCU and NICUSOR BONCULESCU in Chicopee, East Longmeadow, Ludlow, Northampton, Springfield, and West Springfield, Massachusetts;

n.      On or about September 29 and 30, 2015, FLORIN HORNEA and MINOR #3, whose identity is known to the Grand Jury, in East Springfield, Springfield, Ludlow, Chicopee, Longmeadow and East Longmeadow, Massachusetts;

o.      On or about October 11 and 12, 2015, FLORIN HORNEA and ION BONCULESCU in Agawam and Holyoke, Massachusetts and Cornwall, New York;

p.      On or about November 13 and 14, 2015, CONSTANTIN DENIS HORNEA, MARIA LAZAR, and MINOR #2 in Shrewsbury, Worcester and Westborough, Massachusetts and Ridgewood, New York;

q.      On or about November 14, 2015, ION VADUVA in Brooklyn, New York;

r.      On or about November 14, 2015, FLORIN HORNEA and MINOR #3 in

15

Belchertown, Hadley, Palmer, and Springfield, Massachusetts;

s.     On or about January 22, 2016, LUDEMIS HORNEA, FLORINEL VADUVA, MINOR #2 and MINOR #5, whose identity is known to the Grand Jury, in Quincy, Dorchester, and Boston, Massachusetts;

t.     On or about January 22, 2016, CONSTANTIN DENIS HORNEA and MARIA LAZAR in Hanover, Rockland, Weymouth, Quincy and Braintree, Massachusetts;

u.     On or about January 22, 2016, NEMANJA MILOSAVLJEVIC and ANAMARIA MARGEL in Weymouth and Brockton, Massachusetts;

v.     On or about January 23, 2016, LUDEMIS HORNEA, CONSTANTIN DENIS HORNEA, FLORINEL VADUVA and NEMANJA MILOSAVLJEVIC in Weymouth, Massachusetts and NEMANJA MILOSAVLJEVIC in Brockton, Massachusetts;

w.     On each of on or about February 4, 5, and 6, 2016, CONSTANTIN DENIS HORNEA and CLAUDIU COSMIN FLOREA in Lynn, Peabody, Beverly, Salem, Everett, Arlington, Brighton, Lawrence, North Andover, and Lowell, Massachusetts and Salem, New Hampshire; and

x.     On or about June 24, 2016, NICUSOR BONCULESCU in Sumter, South Carolina.

All in violation of Title 18, United States Code, Section 1029(b)(2).

**COUNT THREE:**　　　　　　　　**(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

19.　　On or about September 27, 2015, in West Springfield in the District of Massachusetts,

the defendant:

> 5.　　ION BONCULESCU,
> 　　　a/k/a "Ionut Bonculescu,"
> 　　　a/k/a "Nutu Popescu,"
> 　　　a/k/a "Francezu Mustafa,"
> 　　　a/k/a "Francezu Yonuz,"
> 　　　a/k/a "Al Pacino Montana,"
> 　　　a/k/a "Andrei Comanescu,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, to wit, Victim 1, whose

identity is known to the Grand Jury.

　　　All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT FOUR:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

20.     On or about September 27, 2015, in West Springfield in the District of Massachusetts, the defendant:

>       7.      NICUSOR BONCULESCU,
>               a/k/a "Vicenzo Ramos,"
>               a/k/a "Vicenzo Vicenzo,"
>               a/k/a "Vicenzo Richmond,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud, producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1), knowing that the means of identification belonged to another actual person, to wit, Victim 2, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT FIVE:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

21.     On or about September 27, 2015, in Ludlow in the District of Massachusetts, the

defendant:

> 7.     NICUSOR BONCULESCU,
>         a/k/a "Vicenzo Ramos,"
>         a/k/a "Vicenzo Vicenzo,"
>         a/k/a "Vicenzo Richmond,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, to wit, Victim 3, whose

identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

19

**COUNT SIX:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

22.     On or about September 27, 2015, in Chicopee in the District of Massachusetts, the

defendant:

> 5.      ION BONCULESCU,
>                 a/k/a "Ionut Bonculescu,"
>                 a/k/a "Nutu Popescu,"
>                 a/k/a "Francezu Mustafa,"
>                 a/k/a "Francezu Yonuz,"
>                 a/k/a "Al Pacino Montana,"
>                 a/k/a "Andrei Comanescu,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, to wit, Victim 4, whose

identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

20

**COUNT SEVEN:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

23.      On or about January 22, 2016, in Quincy in the District of Massachusetts, the

defendant:

> 3.      LUDEMIS HORNEA,
>          a/k/a "Antonio Scapescia,"
>          a/k/a "Ludy Ludemis,"
>          a/k/a "Dobrin Cristiano,"
>          a/k/a "Ludy Ludemys,"
>          a/k/a "Maitre Gims,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, to wit, Victim 5, whose

identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT EIGHT**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

24.     On or about January 22 and 23, 2016, in Quincy and Weymouth in the District of

Massachusetts, the defendant:

> 9.     FLORINEL VADUVA,
>        a/k/a "Ezel Alyyah,"
>        a/k/a "Florin Kalam,"
>        a/k/a "Florin Unicatu,"
>        a/k/a "Venianim Veny Vaduva,"
>        a/k/a "Vanianim Vaga Veny,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, to wit, Victim 6, whose

identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT NINE:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

25.     On or about January 22 and 23, 2016, in Dorchester and Weymouth in the District of

Massachusetts, the defendant:

    9.     FLORINEL VADUVA,
           a/k/a "Ezel Alyyah,"
           a/k/a "Florin Kalam,"
           a/k/a "Florin Unicatu,"
           a/k/a "Venianim Veny Vaduva,"
           a/k/a "Vanianim Vaga Veny,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, to wit, Victim 7, whose

identity is known to the Grand Jury.

        All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT TEN:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

26.     On or about January 22, 2016, in Quincy in the District of Massachusetts, the defendant:

       3.     LUDEMIS HORNEA,
                  a/k/a "Antonio Scapescia,"
                  a/k/a "Ludy Ludemis,"
                  a/k/a "Dobrin Cristiano,"
                  a/k/a "Ludy Ludemys,"
                  a/k/a "Maitre Gims,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud, producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1), knowing that the means of identification belonged to another actual person, to wit, Victim 8, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

24

**COUNT ELEVEN:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

27.     On or about January 22, 2016, in Hanover in the District of Massachusetts, the

defendant:

1.     CONSTANTIN DENIS HORNEA,
            a/k/a "Florin Mitroi,"
            a/k/a "Faby Fabritio,"
            a/k/a "Ludy Ludemis,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, Victim 9, whose identity is

known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT TWELVE:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

28.     On or about January 22, 2016, in Hanover in the District of Massachusetts, the defendant:

2.     **MARIA LAZAR,**
       a/k/a "Ludy Ludemis,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud, producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1), knowing that the means of identification belonged to another actual person, to wit, Victim 10, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT THIRTEEN:**                    **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

30.    On or about January 22, 2016, in Weymouth in the District of Massachusetts, the

defendant:

> 1.    CONSTANTIN DENIS HORNEA,
>        a/k/a "Florin Mitroi,"
>        a/k/a "Faby Fabritio,"
>        a/k/a "Ludy Ludemis,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, to wit, Victim 11, whose

identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

27

**COUNT FOURTEEN:**          **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

31.     On or about January 22, 2016, in Braintree in the District of Massachusetts, the defendant:

> 2.     MARIA LAZAR,
>         a/k/a "Ludy Ludemis,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud, producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1), knowing that the means of identification belonged to another actual person, to wit, Victim 12, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT FIFTEEN:**              **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

32.     On or about January 22 and 23, 2016, in Weymouth in the District of Massachusetts, the defendant:

        13.     NEMANJA MILOSAVLJEVIC,
               a/k/a "Micheal Boss,"
               a/k/a "Daniel Mutu,"
               a/k/a "Ion Stan,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud, producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1), knowing that the means of identification belonged to another actual person, to wit, Victim 13, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT SIXTEEN:**                     **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

      33.    On or about January 23, 2016, in Weymouth in the District of Massachusetts, the

defendant:

        13.    NEMANJA MILOSAVLJEVIC,
                a/k/a "Micheal Boss,"
                a/k/a "Daniel Mutu,"
                a/k/a "Ion Stan,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another

person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony

violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud,

producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM

cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1),

knowing that the means of identification belonged to another actual person, to wit, Victim 14, whose

identity is known to the Grand Jury.

      All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT SEVENTEEN:**          **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

34.     On or about November 14, 2015, in Belchertown in the District of Massachusetts, the defendant:

    12.     FLORIN HORNEA,
            a/k/a "Nicusor Bonculescu,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud, producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1), knowing that the means of identification belonged to another actual person, to wit, Victim 15, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT EIGHTEEN:**          **(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)**

The Grand Jury further charges that:

35.    On or about November 14, 2015, in Springfield in the District of Massachusetts, the defendant:

12.    FLORIN HORNEA,
a/k/a "Nicusor Bonculescu,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit, an access device, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly and with intent to defraud, producing, using and trafficking in, one and more counterfeit access devices, to wit, counterfeit ATM cards, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(1), knowing that the means of identification belonged to another actual person, to wit, Victim 16, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT NINETEEN:**          **(18 U.S.C. § 1029(a)(4) – Possession of Device- Making Equipment)**

The Grand Jury further charges that:

36.      On or about January 7, 2016, in Whately in the District of Massachusetts and elsewhere, the defendants:

1.    CONSTANTIN DENIS HORNEA,
        a/k/a "Florin Mitroi,"
        a/k/a "Faby Fabritio,"
        a/k/a "Ludy Ludemis," and
3.    LUDEMIS HORNEA,
        a/k/a "Antonio Scapescia,"
        a/k/a "Ludy Ludemis,"
        a/k/a "Dobrin Cristiano,"
        a/k/a "Ludy Ludemys,"
        a/k/a "Maitre Gims,"

did knowingly and with intent to defraud, have control and custody of, and possess device-making equipment, that is, a skimming device designed to capture the magnetic strip information on the back of and PIN to an access device, specifically an ATM card, which control and custody and possession affected interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(4) and 2.

**COUNT TWENTY:**          **(18 U.S.C. § 1029(a)(4) – Possession of Device- Making Equipment)**

The Grand Jury further charges that:

37.     On or about February 1, 2016, in Braintree in the District of Massachusetts and

elsewhere, the defendants:

> 3.     LUDEMIS HORNEA,
>        a/k/a "Antonio Scapescia,"
>        a/k/a "Ludy Ludemis,"
>        a/k/a "Dobrin Cristiano,"
>        a/k/a "Ludy Ludemys,"
>        a/k/a "Maitre Gims," and
> 5.     ION BONCULESCU,
>        a/k/a "Ionut Bonculescu,"
>        a/k/a "Nutu Popescu,"
>        a/k/a "Francezu Mustafa,"
>        a/k/a "Francezu Yonuz,"
>        a/k/a "Al Pacino Montana,"
>        a/k/a "Andrei Comanescu,"

and MINOR #2, did knowingly and with intent to defraud, have control and custody of, and possess

device-making equipment, that is, a skimming device designed to capture the magnetic strip

information on the back of and PIN to an access device, specifically an ATM card, which control and

custody and possession affected interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(4) and 2.

**COUNT TWENTY-ONE:**          **(18 U.S.C. § 1956(h) - Money Laundering Conspiracy)**

The Grand Jury further charges that:

38.     From a date unknown to the Grand Jury, but from at least in or about June 2015, and

continuing until in or about January 2017, in the District of Massachusetts, the Eastern District of New

York, and elsewhere, the defendants:

    1.      CONSTANTIN DENIS HORNEA,
            a/k/a "Florin Mitroi,"
            a/k/a "Faby Fabritio,"
            a/k/a "Ludy Ludemis,"
    2.      MARIA LAZAR,
            a/k/a "Ludy Ludemis,"
    3.      LUDEMIS HORNEA,
            a/k/a "Antonio Scapescia,"
            a/k/a "Ludy Ludemis,"
            a/k/a "Dobrin Cristiano,"
            a/k/a "Ludy Ludemys,"
            a/k/a "Maitre Gims,"
    4.      CLAUDIU COSMIN FLOREA,
            a/k/a "Claudio Mihaela Florea,"
            a/k/a "Cosmin Florea,"
            a/k/a "Claudio Florea,"
    5.      ION BONCULESCU,
            a/k/a "Ionut Bonculescu,"
            a/k/a "Nutu Popescu,"
            a/k/a "Francezu Mustafa,"
            a/k/a "Francezu Yonuz,"
            a/k/a "Al Pacino Montana,"
            a/k/a "Andrei Comanescu,"
    14.     ION TRIFU,
            a/k/a "Birgazon Jakk,"
            a/k/a "Birgazon Jak,"
            a/k/a "Birgu Boss,"
            a/k/a "Birgazon Brg,"
            a/k/a "Ianis Alesio,"

conspired and agreed with each other and with other persons known and unknown to the Grand Jury,

knowingly:

35

Case 1:17-cr-10138-WGY   Document 27   Filed 05/24/17   Page 36 of 46


(a) to conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of specified unlawful activity, that is, use of counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(1),

> (1) with the intent to promote the carrying on of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

> (2) knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

any one of (1) and (2) being sufficient to constitute a violation of 18 U.S.C. § 1956(a)(1); and

> (b) to transport, transmit, and transfer, and attempt to transport, transmit and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States,

> (1) with the intent to promote the carrying on of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(A); and

> (2) knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of such unlawful activity and knowing that such transportation, transmission and transfer was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i);

any one of (1) and (2) being sufficient to constitute a violation of 18 U.S.C. § 1956(a)(2); and either (a) or (b) being a sufficient object of the conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

## RICO FORFEITURE ALLEGATIONS
### (18 U.S.C. § 1963)

The Grand Jury further finds probable cause to believe that:

39.     Upon conviction of the offense in violation of Title 18, United States Code, Section

1962, set forth in Count One of this Indictment,

1.  CONSTANTIN DENIS HORNEA,
    a/k/a "Florin Mitroi,"
    a/k/a "Faby Fabritio,"
    a/k/a "Ludy Ludemis,"
2.  MARIA LAZAR,
    a/k/a "Ludy Ludemis,"
3.  LUDEMIS HORNEA,
    a/k/a "Antonio Scapescia,"
    a/k/a "Ludy Ludemis,"
    a/k/a "Dobrin Cristiano,"
    a/k/a "Ludy Ludemys,"
    a/k/a "Maitre Gims,"
4.  CLAUDIU COSMIN FLOREA,
    a/k/a "Claudio Mihaela Florea,"
    a/k/a "Cosmin Florea,"
    a/k/a "Claudio Florea,"
5.  ION BONCULESCU,
    a/k/a "Ionut Bonculescu,"
    a/k/a "Nutu Popescu,"
    a/k/a "Francezu Mustafa,"
    a/k/a "Francezu Yonuz,"
    a/k/a "Al Pacino Montana,"
    a/k/a "Andrei Comanescu,"
6.  DENISA BONCULESCU
    a/k/a "Denise Bonculescu,"
    a/k/a "Sanel Coco Sanel Sanel,"
7.  NICUSOR BONCULESCU,
    a/k/a "Vicenzo Ramos,"
    a/k/a "Vicenzo Vicenzo,"
    a/k/a "Vicenzo Richmond,"
8.  ION VADUVA,
    a/k/a "Kent Multikentus,"
    a/k/a "Gygy Kent,"
9.  FLORINEL VADUVA,
    a/k/a "Ezel Alyyah,"

38

a/k/a "Florin Kalam,"
a/k/a "Florin Unicatu,"
a/k/a "Venianim Veny Vaduva,"
a/k/a "Vanianim Vaga Veny,"

10.  ANAMARIA MARGEL,
a/k/a "Ana Maria Margel,"
a/k/a "Malina Ana Vulpe,"
a/k/a "Fituasa si Anbituasa,"
a/k/a "Eliza Si Erico,"

11.  DRAGUSH NELO HORNEA,
a/k/a "Dragos Hornea,"

12.  FLORIN HORNEA,
a/k/a "Nicusor Bonculescu,"

13.  NEMANJA MILOSAVLJEVIC,
a/k/a "Micheal Boss,"
a/k/a "Daniel Mutu,"
a/k/a "Ion Stan,"

the defendants herein, shall forfeit to the United States, jointly and severally, pursuant to Title 18,

United States Code, Section 1963:

    a.    all interests the defendants have acquired or maintained in violation of Title 18,

United States Code, Section 1962, wherever located, and in whatever names held;

    b.    all interests in, securities of, claims against, or properties or contractual rights of

any kind affording a source of influence over, any enterprise which the defendants have

established, operated, controlled, conducted, or participated in the conduct of, in

violation of Title 18, United States Code, Section 1962; and

    c.    all property constituting, and derived from, any proceeds which the defendants

obtained, directly and indirectly, from racketeering activity in violation of Title 18,

United States Code, Section 1962.

    40.    If any of the property described in Paragraph 39 above as being forfeitable pursuant to

Title 18, United States Code, Section 1963, as a result of any act and omission of the defendants –

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred to, sold to, or deposited with a third party;

c.     has been placed beyond the jurisdiction of this Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without

difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to

seek forfeiture of any other property of the defendants up to the value of the property described in

Paragraph 39 above.

All pursuant to Title 18, United States Code, Section 1963.

.

## ACCESS DEVICE FORFEITURE ALLEGATIONS
## (18 U.S.C. § 1029(c)(1)(C); 18 U.S.C. § 982(a)(2)(B))

The Grand Jury further finds probable cause to believe that:

41.     Upon conviction of one or more of the offenses in violation of Title 18, United States

Code, Section 1029, set forth in Counts Two, Nineteen, and Twenty in this Indictment,

1.   CONSTANTIN DENIS HORNEA,
     a/k/a "Florin Mitroi,"
     a/k/a "Faby Fabritio,"
     a/k/a "Ludy Ludemis,"
2.   MARIA LAZAR,
     a/k/a "Ludy Ludemis,"
3.   LUDEMIS HORNEA,
     a/k/a "Antonio Scapescia,"
     a/k/a "Ludy Ludemis,"
     a/k/a "Dobrin Cristiano,"
     a/k/a "Ludy Ludemys,"
     a/k/a "Maitre Gims,"
4.   CLAUDIU COSMIN FLOREA,
     a/k/a "Claudio Mihaela Florea,"
     a/k/a "Cosmin Florea,"
     a/k/a "Claudio Florea,"
5.   ION BONCULESCU,
     a/k/a "Ionut Bonculescu,"
     a/k/a "Nutu Popescu,"
     a/k/a "Francezu Mustafa,"
     a/k/a "Francezu Yonuz,"
     a/k/a "Al Pacino Montana,"
     a/k/a "Andrei Comanescu,"
6.   DENISA BONCULESCU
     a/k/a "Denise Bonculescu,"
     a/k/a "Sanel Coco Sanel Sanel,"
7.   NICUSOR BONCULESCU,
     a/k/a "Vicenzo Ramos,"
     a/k/a "Vicenzo Vicenzo,"
     a/k/a "Vicenzo Richmond,"
8.   ION VADUVA,
     a/k/a "Kent Multikentus,"
     a/k/a "Gygy Kent,"
9.   FLORINEL VADUVA,

41

        a/k/a "Ezel Alyyah,"
a/k/a "Florin Kalam,"
a/k/a "Florin Unicatu,"
a/k/a "Venianim Veny Vaduva,"
a/k/a "Vanianim Vaga Veny,"
10. ANAMARIA MARGEL,
a/k/a "Ana Maria Margel,"
a/k/a "Malina Ana Vulpe,"
a/k/a "Fituasa si Anbituasa,"
a/k/a "Eliza Si Erico,"
11. DRAGUSH NELO HORNEA,
a/k/a "Dragos Hornea,"
12. FLORIN HORNEA,
a/k/a "Nicusor Bonculescu,"
13. NEMANJA MILOSAVLJEVIC,
a/k/a "Micheal Boss,"
a/k/a "Daniel Mutu,"
a/k/a "Ion Stan,"
14. ION TRIFU,
a/k/a "Birgazon Jakk,"
a/k/a "Birgazon Jak,"
a/k/a "Birgu Boss,"
a/k/a "Birgazon Brg,"
a/k/a "Ianis Alesio,"

defendants herein, shall forfeit to the United States, jointly and severally: (1) any personal property used or intended to be used to commit the offense, pursuant to Title 18, United States Code, Section 1029(c)(1)(C); and (2) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of one or more of the offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(B)

42. If any of the property described in Paragraph 41, above, as being forfeitable pursuant to Title 18, United States Code, Sections 982(a)(1)(B), and 1029(c)(1)(C), as a result of any act or omission of the defendants --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c.        has been placed beyond the jurisdiction of the Court;

        d.        has been substantially diminished in value; or

        e.        has been commingled with other property which cannot be divided without

difficulty,

it is the intention of the United States, pursuant to Title 18, United States Code, Sections 1029(c)(2),

and 982(b)(1), both of which incorporate Title 21, United States Code, Section 853(p), to seek

forfeiture of any other property of the defendants up to the value of the property described in

Paragraph 41 above.

        All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), and 1029(c)(1)(C).

## MONEY LAUNDERING FORFEITURE ALLEGATION
## 18 U.S.C. § 982(a)(1)

The Grand Jury further finds probable cause to believe that:

43.     Upon conviction of the offense in violation of Title 18, United States Code, Section

1956(h), set forth in Count Twenty-One in this Indictment,

      1.    CONSTANTIN DENIS HORNEA,
          a/k/a "Florin Mitroi,"
          a/k/a "Faby Fabritio,"
          a/k/a "Ludy Ludemis,"
      2.    MARIA LAZAR,
          a/k/a "Ludy Ludemis,"
      3.    LUDEMIS HORNEA,
          a/k/a "Antonio Scapescia,"
          a/k/a "Ludy Ludemis,"
          a/k/a "Dobrin Cristiano,"
          a/k/a "Ludy Ludemys,"
          a/k/a "Maitre Gims,"
      4.    CLAUDIU COSMIN FLOREA,
          a/k/a "Claudio Mihaela Florea,"
          a/k/a "Cosmin Florea,"
          a/k/a "Claudio Florea,"
      5.    ION BONCULESCU,
          a/k/a "Ionut Bonculescu,"
          a/k/a "Nutu Popescu,"
          a/k/a "Francezu Mustafa,"
          a/k/a "Francezu Yonuz,"
          a/k/a "Al Pacino Montana,"
          a/k/a "Andrei Comanescu,"
      14.    ION TRIFU,
          a/k/a "Birgazon Jakk,"
          a/k/a "Birgazon Jak,"
          a/k/a "Birgu Boss,"
          a/k/a "Birgazon Brg,"
          a/k/a "Ianis Alesio,"

the defendants herein, shall forfeit to the United States, jointly and severally, pursuant to 18 U.S.C.

§ 981(a)(1), any and all property, real and personal, involved in such offenses, and any and all property

traceable to such property.

44

44.     If any of the property described in Paragraph 43, above, as being forfeitable pursuant to

Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without

      difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of

the defendants up to the value of the property described in Paragraph 43 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL,

FOREPERSON OF THE GRAND JURY

5-24-2017

TIMOTHY E. MORAN
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS                    May 24, 2017

Returned into the District Court by the Grand Jurors and filed.

Deputy Clerk

5/24/17
12:05PM

46